John Thomas NOLAND, Jr., Petitioner,

v.

Gary DIXON, Warden, Central Prison,
Raleigh, North Carolina,
Respondent.

No. C–C–88–217–M.

United States District Court,
W.D. North Carolina,
Charlotte Division.

Nov. 8, 1991.

James P. Cooney, III, Kennedy Covington Lobdell & Hickman, Charlotte, N.C., for petitioner.

Joan H. Byers, Sp. Deputy Atty. Gen., Barry S. McNeill, Atty. Gen. of N.C., Dept. of Justice, Raleigh, N.C., for respondent.

## ORDER

McMILLAN, District Judge.

On August 19, 1988, petitioner, John Thomas Noland, Jr., filed a petition for writ of habeas corpus, stating eight claims for relief. The *first* of these claims was that the trial judge erred by instructing the jury that unanimity was required in determining mitigating factors at the sentencing phase.

On October 13, 1988, respondent, the State of North Carolina, filed an answer to the petition.

In that answer, the State raised the affirmative defense of non-retroactivity in response to petitioner's *fourth* claim, but did *not* raise this defense in response to petitioner's *first* claim.

The State then belatedly, on May 7, 1990 (a year and a half after filing the original answer), filed a motion for leave to amend its answer to raise the affirmative defense of non-retroactivity against petitioner's first claim for relief.

Recently, the Fourth Circuit suggested that the defense of non-retroactivity is waivable. In *Maynard v. Dixon,* the Fourth Circuit stated, "We reach it [the issue of unanimity of the jury in finding mitigating circumstances] by assuming, without deciding, that the State waived its defense of non-retroactivity of the *McKoy* rule that may have been available to it under *Teague v. Lane,* 489 U.S. 288 [109 S.Ct. 1060, 103 L.Ed.2d 334] (1989)." *Maynard v. Dixon,* 943 F.2d 407, 418 (4th Cir. 1991).

Since the State pleaded this defense for one claim, but not for another, it is reasonable to rule, and I do hold, that the State has waived the defense of non-retroactivity concerning *McKoy* issues.

Some decisions by the courts state (mistakenly, I believe) that if a criminal defendant does not avail himself of a chance to make a plea, then he cannot do it retroactively. It would be an ironic inequity that, in a capital case, the State should be allowed to amend its answer retroactively in the face of *Teague* and *McKoy,* but that amendment to plead decisions *favorable* to the petitioner would not be allowed. Life is not that cheap.

Petitioner explicitly relied on *Mills v. Maryland,* 486 U.S. 367, 108 S.Ct. 1860, 100 L.Ed.2d 384 (1988), in his first claim for

relief. The State did not raise the defense of non-retroactivity in its answer to this claim. It did not attempt to raise this defense after the decision in *Teague v. Lane*, which explained when retroactivity was to be applied. It does not matter whether the State's failure to raise the defense earlier was tactical, substantive, or inadvertent. It would be grossly unfair and, I believe, a denial of due process of law, to allow the amendment.

The State's motion for leave to amend its answer is DENIED.