53 F.3d 328
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 John Thomas NOLAND, Jr., Petitioner-Appellee,
v.
Gary T. DIXON, Warden, Central Prison, Raleigh, North
Carolina, Respondent-Appellant.
 No. 93-4011.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 1, 1994.
Decided May 1, 1995.
 
 ARGUED: Barry Steven McNeill, Special Deputy Attorney General, North Carolina Department of Justice, Raleigh, NC for appellant. James Patrick Cooney, III, Kennedy, Covington, Lobdell & Hickman, L.L.P., Charlotte, NC, for appellee. ON BRIEF: Michael F. Easley, Attorney General of North Carolina, Joan H. Byers, Special Deputy Attorney General, North Carolina Department of Justice, Raleigh, NC, for appellant.
 W.D.N.C.
 Before ERVIN, Chief Judge, and HAMILTON and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 The State of North Carolina appeals the district court's conditional grant of a writ of habeas corpus, 28 U.S.C. Sec. 2254, to John Thomas Noland. For reasons that follow, the judgment of the district court is vacated and the case is remanded to the district court for further proceedings consistent with this opinion.
 
 
 2
 * A detailed recitation of the facts surrounding the murders which Noland committed and the procedural history of his trial may be found in the opinion of the Supreme Court of North Carolina on direct appeal. State v. Noland, 320 S.E.2d 642, 644-49 (1984), cert. denied, 469 U.S. 1230 (1985).
 
 
 3
 Noland was convicted in state court of two counts of first degree murder, two counts of first degree burglary, and one count of assault with a deadly weapon with intent to kill. Noland was sentenced to death for the two first-degree murder counts, and received consecutive life sentences for each burglary conviction, and twenty years on the conviction for the assault with a deadly weapon with intent to kill. The North Carolina Supreme Court affirmed Noland's convictions and sentences on direct appeal, id. at 649, and the Supreme Court of the United States denied Noland's petition for writ of certiorari. Noland v. North Carolina, 469 U.S. 1230 (1985).
 
 
 4
 On November 4, 1985, Noland sought state collateral relief by filing a motion for appropriate relief in Mecklenburg County Superior Court. Following an evidentiary hearing, the state court denied relief. Noland's petition for writ of certiorari to the North Carolina Supreme Court was denied. State v. Noland, 361 S.E.2d 85 (1987), cert. denied, 485 U.S. 943 (1988). On March 7, 1988, the Supreme Court of the United States denied Noland's petition for writ of certiorari. Noland v. North Carolina, 485 U.S. 943 (1988).
 
 
 5
 On August 19, 1988, Noland filed a petition for writ of habeas corpus in the United States District Court for the Western District of North Carolina, see 28 U.S.C. Sec. 2254, alleging nine claims for relief. The state filed an answer on October 13, 1988. In its answer, the state raised nonretroactivity (under pre-Teague v. Lane, 489 U.S. 288 (1989), principles) as a defense to Noland's claim that the testimony of two police officers and comments by the prosecutor during closing argument of the guilt-phase of his trial deprived him of a fair trial; nonretroactivity was not raised to any other claim.
 
 
 6
 Over the next sixteen months, the Supreme Court of the United States rendered three decisions relevant to this case. On February 22, 1989, the Supreme Court decided Teague, holding that new rules of constitutional law may not be applied retroactively on collateral review, absent two narrow exceptions. On June 26, 1989, the Supreme Court decided Penry v. Lynaugh, 492 U.S. 302 (1989), which applied the principles of Teague to capital cases. On March 5, 1990, the Supreme Court issued its opinion in McKoy v. North Carolina, 494 U.S. 433 (1990), holding that North Carolina's practice of requiring jury unanimity in the determination of mitigating circumstances was unconstitutional.
 
 
 7
 Two months after the Supreme Court's decision in McKoy, the state moved to amend its answer to raise Teague as a defense to Noland's remaining claims. The district court refused to allow the state to amend its answer. The district court reasoned:
 
 
 8
 The State did not raise the defense of non-retroactivity in its answer to this claim. It did not attempt to raise this defense after the decision in Teague v. Lane, which explained when retroactivity was to be applied. It does not matter whether the State's failure to raise the defense earlier was tactical, substantive, or inadvertent. It would be grossly unfair and, I believe, a denial of due process of law, to allow the amendment.
 
 
 9
 Noland v. Dixon, 796 F.Supp. 1540, 1541 (W.D.N.C.1991).
 
 
 10
 In a subsequent memorandum of decision and order, see Noland v. Dixon, 808 F.Supp. 485 (W.D.N.C.1992), the district court conditionally granted the writ, finding that: (1) the jury instructions at Noland's sentencing hearing violated the dictates of McKoy (claim one); (2) the testimony of two police officers and comments by the prosecutor during closing argument of the guilt-phase of the trial deprived Noland of a fair trial (claim four); and (3) the guilt-phase jury instructions on insanity deprived Noland of a fair trial (claim five). The district court also granted an evidentiary hearing on Noland's claims that he received ineffective assistance of counsel at the guilt-phase of his trial (claim three) and that he was not competent to stand trial or be sentenced (claim seven). In light of its ruling on the McCoy claim, the district court did not address Noland's claims that: (1) he received ineffective assistance of counsel at sentencing (claim two); (2) seeking the death penalty in this case was an arbitrary and capricious exercise of prosecutorial discretion (claim six); (3) the imposition of the death penalty in the State of North Carolina is arbitrary and capricious (claim eight); and (4) the jury instructions at sentencing violated due process and the Eighth Amendment.
 
 
 11
 The state now appeals.
 
 II
 
 12
 Rule 15(a) of the Fed.R.Civ.P. provides that leave to amend a party's pleading "shall be freely given when justice so requires." In Foman v. Davis, 371 U.S. 178, 182 (1962), the Supreme Court reiterated the philosophy of Rule 15 that amendments are to be freely granted, "[i]n the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant." Mere delay "is not sufficient reason to deny leave to amend." Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir.1996). "The delay must be accompanied by prejudice, bad faith, or futility." Id. at 510 (footnote omitted).
 
 
 13
 Initially, it must be noted that the district court did not apply the correct legal standard. The district court never inquired whether the delay was accompanied by prejudice, bad faith, or futility as required by Johnson. In fact, the district court candidly expressed the mistaken view that it did not matter whether "the State's failure to raise the defense earlier was tactical, substantive, or inadvertent." Noland v. Dixon, 796 F.Supp. at 1541. The district court merely deemed it "grossly unfair" to allow the state's amendment, which clearly shows that the district court failed to properly exercise its discretion under the applicable legal standard. In this case, Noland has not demonstrated that the delay was accompanied by prejudice, bad faith, or futility. Accordingly, the district court abused its discretion in refusing to allow the state to amend its answer to raise Teague as an affirmative defense to all of Noland's claims.
 
 
 14
 We believe that the district court's failure to allow the state to amend its answer to raise Teague as an affirmative defense makes further appellate review, at this time, improvident. Under the circumstances, it is more appropriate to vacate the district court's judgment granting the conditional writ of habeas corpus to Noland and remand the case to the district court with instructions to allow the state to amend its answer to raise Teague as an affirmative defense to all of Noland's claims, and address the claims raised by Noland in his petition on a clean slate.
 
 III
 
 15
 For the reasons stated, the judgment of the district court is vacated and the case is remanded for further proceedings consistent with this opinion.
 
 VACATED AND REMANDED FOR FURTHER PROCEEDINGS